U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

MAR 2 7 2006

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**ALEXANDRIA DIVISION**

| | |
|---|---|
| **TYRONE PORTER** | **DOCKET NO. 1:06 CV 0027** |
| | **SECTION P** |
| **VS.** | **F.A. Little, Jr.** |
| **ORLEANS PARISH DISTRICT ATTORNEY** | **MAGISTRATE JUDGE KIRK** |

## Report and Recommendation

**Tyrone Porter**("Petitioner"), filed the instant action pursuant to 28 U.S.C. §2241 on January 1, 2006. [Rec. Doc. 1]. He is currently incarcerated at Winn Correctional Center in Winnfield, Louisiana.[Rec. Doc. 3].

## STATEMENT OF CLAIM

Petitioner alleges the City of New Orleans has failed to arraign him "within the sixty day period set by law, pursuant to C.C.P. Art. 532."

## LAW AND ANALYSIS

### Exhaustion of Administrative Remedies

*Habeas corpus* relief is available to a person who is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254, 2241. However, the right to pursue *habeas* relief in federal court is qualified. It is well settled that a petitioner in state custody seeking federal *habeas*

*corpus* relief cannot collaterally attack his state court conviction in federal court until he has exhausted available state remedies. *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Minor v. Lucas,* 697 F.2d 697 (5th Cir. 1983). This requirement is not a jurisdictional bar but a procedural one erected in the interest of comity providing state courts with the first opportunity to pass upon and correct alleged constitutional violations. *Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438, 443 (1971); *Shute v. Texas,* 117 F.3d 233 (5th Cir. 1997). The exhaustion requirement applies equally to federal prisoners seeking habeas relief. A §2241 petitioner must first exhaust his administrative remedies through the Bureau of Prisons before proceeding to federal court. Rourke v. Thompson, 11 F.3d 47, 49 (5th Cir. 1993). (Upholding the district court's dismissal for failure to exhasut administrative remedies within the BOP system) See also United States v. Gabor, 905 F.2d 76, 78 (5th Cir. 1990).

After review of state court cases, plaintiff has failed to exhaust these remedies. Plaintiff must pursue these remedies before his claims can be reviewed by this court. Additionally, this gives BOP officials an opportunity to correct any errors in his sentence calculation, at the same time creating a record this court can utilize to review his claims.

For the above reasons, **IT IS RECOMMENDED** that this action should be **DISMISSED WITHOUT PREJUDICE** for failing to exhaust administrative remedies.

## OBJECTIONS

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this _____ day of _____, 2006.

F. A. Little, Jr.
UNITED STATES MAGISTRATE JUDGE
JAMES D. KIRK
United States Magistrate Judge